IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Application of<br><br>FourWorld Global Opportunities Fund, Ltd.,<br>FourWorld Event Opportunities, LP,<br>FourWorld Special Opportunities Fund,<br>LLC, FW Deep Value Opportunities Fund I,<br>LLC, Corbin ERISA Opportunity Fund, Ltd.<br>and Harspring Capital, LP,<br><br>Applicant,<br><br>for an Order Pursuant to 28 U.S.C. § 1782 to<br>Take Discovery for Use in Foreign<br>Proceedings | C.A. No. 25-227 (MN) |

**<u>MEMORANDUM ORDER</u>**

At Wilmington, this 13th day of August 2025:

WHEREAS, on February 27, 2025, FourWorld Global Opportunities Fund, Ltd., FourWorld Event Opportunities, LP, FourWorld Special Opportunities Fund, LLC, FW Deep Value Opportunities Fund I, LLC, Corbin ERISA Opportunity Fund, Ltd. and Harspring Capital, LP (together, "Petitioners"), filed an application for an Order Pursuant to 28 U.S.C. § 1782 to take discovery ("1782 Application") on J.C. Flowers & Co. LLC for use in an ongoing appraisal proceeding in the Supreme Court of Bermuda (D.I. 1);

WHEREAS, on March 28, 2025, Enstar Group Ltd filed a motion to intervene, which was on that same day joined in and adopted by J.C. Flowers & Co. LLC (D.I. 17, 21);

WHEREAS, on April 10, 2025, Petitioners filed a notice of non-opposition to the motion to intervene, and the Court duly granted the motion to intervene (D.I. 24, 25);

WHEREAS, on April 11, 2025, Enstar Group Ltd (together with J.C. Flowers & Co. LLC, "Recipients") filed a response, opposing Petitioners' application on the grounds that Petitioners

sought to circumvent Bermuda proof-gathering mechanisms by filing its 1782 Application before the Supreme Court of Bermuda could issue an order on discovery following a proceeding it set for July 7 and 8, 2025 ("Directions Hearing") (D.I. 26 at 2, 8-11);

WHEREAS, on July 30, 2025, the Court ordered the parties submit a joint status report advising of any updates in the Bermuda proceeding, including the result of the Directions Hearing (D.I. 35);

WHEREAS, on August 6, 2025, the parties filed a joint status report advising the Court of the result of the Directions Hearing, (D.I. 36);

WHEREAS, the Supreme Court of Bermuda, in its order following the Directions Hearing, noted its need for "all relevant or potentially relevant information" (D.I. 36-1 ¶ 17); and

WHEREAS, the Court has considered the arguments set forth by the parties.

THEREFORE, for the reasons set forth below, IT IS HEREBY ORDERED that Petitioners' application under 28 U.S.C. § 1782 is **GRANTED** and Petitioners may serve the subpoenas attached as Exhibit 1 to the Vallejo Declaration (D.I. 4-1) upon Recipients.

1. A federal district court may order a person "resid[ing]" or "found" in the district to give testimony or produce documents "for use in a proceeding in a foreign or international tribunal . . . upon the application of any interested person." 28 U.S.C. § 1782(a); *Pinchuk v. Chemstar Prods. LLC*, No. 13-306 (RGA), 2014 WL 2990416, at *1 (D. Del. June 26, 2014). Upon application, the district court first decides "whether certain statutory requirements are met, and if so, the court may then consider other discretionary factors to determine whether to grant the application." *In re Biomet Orthopaedics Switzerland GmBh*, 742 F. App'x 690, 694-95 (3d Cir. 2018) (citing *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F. 3d 79, 83-84 (2d Cir. 2004)).

2.  Once the statutory requirements are met, the Court makes a "discretionary determination," considering: (1) whether the "discovery sought is 'unobtainable' in the foreign forum because it is outside the foreign tribunal's jurisdictional reach[;]"; (2) the nature of the foreign tribunal and the character of the proceedings, and whether the foreign tribunal is receptive to U.S. federal court assistance; (3) whether the application conceals an attempt to circumvent foreign proof-gathering restrictions or other policies; and (4) whether the discovery sought is unduly intrusive or burdensome. *In re O'Keeffe*, 646 F. App'x 263, 266 (3d Cir. 2016); *SPS Corp I, Fundo de Investimento em Direitos Creditórios Não Padronizados v. Gen. Motors Co.*, 110 F. 4th 586, 592 (3d Cir. 2024); *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004).

3.  Here, Recipients do not dispute that the statutory requirements under 28 U.S.C. § 1782 are met. Instead, they dispute the application under the third *Intel* factor; that is, that the application seeks to circumvent Bermudan proof-gathering proceedings. (D.I. 26 at 2, 8-11). After the application was filed, the Bermuda Supreme Court entered an order following its Directions Hearing, which the parties noticed to the Court, seeking "all relevant or potentially relevant information." (D.I. 36-1 ¶ 17). Thus, the Court's concerns that the application seeks to circumvent Bermudan proceedings have been mitigated.

IT IS FURTHER ORDERED that nothing in this Order shall be construed to preclude Recipients from moving to quash or modify the subpoena and they may do so no later than September 8, 2025.

_____
The Honorable Maryellen Noreika
United States District Judge

3